TYLER S. WIRICK (UT BN 15964)
ALDRIDGE PITE, LLP
374 East 720 South
Orem, UT 84058
Telephone: (801) 285-0952
Facsimile:  (619) 590-1385
E-mail: twirick@aldridgepite.com

Attorneys for Plaintiff U.S. Bank Nation Association as Legal Title Trustee for Truman 2016
SC6 Title Trust

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL DAVIDSON and ROBYNN DAVIDSON and DEVON STETTLER and JENNIFER MORK and DOES 1-10, inclusive, including all unknown persons in possession of real property located at 8243 South Allen Street, Midvale, Utah 84047-7237, <br><br> Defendants. | **MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Case No.:  2:18-cv-00701 <br><br><br><br><br><br> Honorable Jill Parish |

## MOTION TO REMAND

U.S. Bank Nation Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust

("US Bank" or "Plaintiff"), by and through its attorneys of record, Tyler S. Wirick, Esq., of

ALDRIDGE PITE, LLP, and hereby moves this court for an order remanding this case back to

the District Court of Utah, Third Judicial District, Salt Lake County – Salt Lake City (the "Third

District Court").

**MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES -1**

This Motion is made pursuant to 28 U.S.C. §1447(c) and on the basis that well-pleaded complaint is based exclusively on state law claims of unlawful detainer; that the Court lacks Federal Question Jurisdiction; and that Defendant's affirmative defense founded in the Protecting Tenants at Foreclosure Act (the "PTFA") do not impart Federal Question Jurisdiction to this Court. Additional support for the Motion is based upon the following Memorandum of Points and Authorities, Plaintiff's request for judicial notice, the Exhibit(s) attached hereto, the papers and pleadings on file in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The underlying complaint in this case was brought pursuant to Utah Code §78B-6-801 et seq., seeking possession of certain real property on the grounds that the defendants are unlawfully detaining the home, post foreclosure. This action was properly brought before the Third Judicial District Court on July 31, 2018 as case number 1895483. Nevertheless, Defendant, Jennifer Mork filed a Notice of Removal based upon the exclusively on the defense that she failed to receive notice required under the federal PTFA. As the PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction, the Defendant has failed to establish this court's jurisdiction over the subject matter of this case. Thus, the Plaintiff hereby requests that the Court grant its Motion for Remand and remand this case back to the Third District Court.

### II.      FACTUAL BACKGROUND

On April 17, 2018, US Bank, at a Trustee's Sale, purchased  the real property located at 8243 South Allen St., Midvale, UT 84047-7237 (the "Property"), and received a Trustee's Deed.

**MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES -2**

A true and correct copy of the Trustee's Deed is attached to the *Complaint in Unlawful Detainer*[1]
(the "Complaint") as Exhibit A. Ms. Mork possesses and resides at the Property along with co-
defendants Paul Davidson, Robyn Davidson, and Devon Settler (collectively the "Defendants").
(Complaint, ¶¶ 2-3) On or about June 6, 2018, US Bank served the Defendants with a *5-day
Notice to Vacate*, which the Defendants ignored. (*See* Complaint, ¶¶1-3 [sic], Exhibit C). US
Bank filed the Complaint and Summons on July 31, 2018, and served the Defendants on August
29, 2018. Ms. Mork filed the instant *Notice of Removal*.

## III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis
to exercise jurisdiction. The burden of establishing subject-matter jurisdiction is on the party
asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "If at any time
before final judgment it appears that the district court lacks subject matter jurisdiction, the case
shall be remanded." 28 U.S.C. § 1447(c). "Importantly, 'doubtful cases must be resolved in
favor of remand.'" *Utah v. Eli Lilly &Co.*, 509 F.Supp 2d 1016, 1020-1021 (D. Utah 2007)
(*citing Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997),

A case arises under federal law if the federal law creates the cause of action or that the
plaintiff's right to relief necessarily depends on resolution of a substantial question of federal
law. *CitiMortgage, Inc. v. Herbert*, No. 2:16-cv-416, 2016 U.S. Dist. LEXIS 68502, at *3 (D.
Utah May 23, 2016); *LSF6 Mercury REO Invs. Tr. Series 2008-1 v. Ellertson*, No. 2:10-CV-
00640-CW-DN, 2010 U.S. Dist. LEXIS 139025, at *10 (D. Utah Dec. 14, 2010). In determining
whether Federal Question Jurisdiction exists, the focus of the analysis is on the plaintiff's theory

---

[1]A true and correct copy of the *Complaint for Unlawfuil Detainer* is attached hereto as an Exhibit A..

of recovery (i.e. the well-pleaded complaint), and if an element of that theory is a right conferred by federal law. *CitiMortgage, Inc. v. Herbert*, 2016 U.S. Dist. LEXIS 68502, at *2-3. A defendant cannot evade the plaintiff's choice of forum by attempting to insert issues of federal law into a state law claim such as an eviction. "It is now settled law that a case may not be removed to federal court on the basis of a federal defense." *CitiMortgage, Inc. v. Herbert*, 2016 U.S. Dist. LEXIS 68502, at *3 (*citing Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (recognizing that "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law").

## IV.    <u>LEGAL ARGUMENT</u>

### DEFENDANT'S DEFENSE BASED UPON THE PTFA IS INSUFFICIENT TO ESTALISH FEDERAL QUESTION JURISDICTION.

In this case, Ms. Mork's implication of the PTFA is insufficient to establish federal question jurisdiction.  The well-pleaded complaint seeks relief exclusively under Utah's unlawful detainer statute. Nothing in US Bank's complaint implicates federal law directly. Nor is there any indication that a state unlawful detainer action—as is presented by US Bank's complaint—raises a substantial question of federal law, even under the most liberal reading of Ms. Mork's pro se *Notice of Removal*.

Two Utah cases are instructive in this matter. In *CitiMortgage, Inc. v. Herbert* and *LSF6 Mercury REO Invs. Tr. Series 2008-1 v. Ellertson*, the defendants in both case removed an unlawful detainer case asserting Federal Question Jurisdiction on the basis of the Fair Debt Collection Practices Act, and in *LSF6 Mercury* the Truth in Lending Act and the Real Estate

**MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES -4**

Settlement Procedures Act, as well. As with the instant matter, each of these cases involved a Defendant asserting a defense and counterclaim[2] as the basis to establish jurisdiction. In each instance, the Court soundly rejected the defendant's arguments. Indeed, the *Herbert* court, in awarding fees to the plaintiff, stated that removal was objectively unreasonable because the "Supreme Court and Tenth Circuit precedent clearly provide that the court's federal question jurisdiction is not implicated when a defendant seeks to inject a federal counterclaim or defense into a case that otherwise implicates state law exclusively." *CitiMortgage, Inc. v. Herbert*, 2016 U.S. Dist. LEXIS 68502, at *6

Other courts have applied the same legal reasoning to remand PTFA-based defenses and counterclaims. In *Won Park v. Elliott*, the U.S. District Court for the Northern District of California stated, "The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction." *Won Park v. Elliott*, No. 16-cv-01155-JSC, 2016 U.S. Dist. LEXIS 42757, at *5-6 (N.D. Cal. Mar. 14, 2016). Another N.D. California court stated, "[Plaintiff's] complaint pleads only one cause of action, which is based entirely on California law. [Defendant's] PTFA defense does not confer federal question jurisdiction upon this court. Moreover, federal courts have uniformly concluded that the PTFA does not preempt state law unlawful detainer actions." *Aurora Loan Servs. LLC v. Torres*, No. 5:11-CV-03061-EJD, 2011 U.S. Dist. LEXIS 112917, at *2-3 (N.D. Cal. Sep. 30, 2011)(collecting cases).

Accordingly, Defendant's PTFA defense is insufficient to provide a basis for Federal Question Jurisdiction. Thus, this case should be remanded to the Third District Court.

---

[2] Defendant has not actually asserted a counterclaim in this matter and has not otherwise filed an Answer to the Complaint.

**MOTION TO REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES -5**

## V.  <u>CONCLUSION</u>

For the foregoing reasons, US Bank respectfully requests this Court to grant it Motion to

Remand and remand this case back to the District Court of Utah, Third Judicial District, Salt

Lake County – Salt Lake City.

DATED: September 26, 2018.

Respectfully Submitted,

ALDRIDGE PITE, LLP

/s/ Tyler Wirick
TYLER WIRICK
*Attorneys for Plaintiff*
*U.S. Bank Nation Association as Legal Title Trustee*
*for Truman 2016 SC6 Title Trust*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Motion to Remand and Memorandum of Points and Authorities** was served on September 26, 2018. Service was accomplished by the method and to the following as indicated:

### DEFENDANTS
Via US Mail

Jennifer Mork (Pro Se)
8243 South Allen Street
Midvale, UT 84047-7237

Paul Davidson
8243 South Allen Street
Midvale, UT 84047-7237

Robyn Davidson
8243 South Allen Street
Midvale, UT 84047-7237

Devon Settler
8243 South Allen Street
Midvale, UT 84047-7237

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26, 2018

/s/ Tyler Wirick
Tyler Wirick